USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/17/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

        -against-                             16-cr-0212 (LAK)

LAQUAN PARRISH, a/k/a "Mad Dog", "Quanzaa", et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendant Laquan Parrish pleaded guilty on January 30, 2017 to conspiracy to commit racketeering under 18 U.S.C. § 1962(d) (Count 1) and use of a firearm in the course of the conspiracy under 18 U.S.C. § 924(c)(1)(A)(i) (Count 4) pursuant to a plea agreement.[1]  On October 11, 2017, he was sentenced principally to a term of imprisonment of 195 months.  The conviction was affirmed on appeal.[2]  On May 11, 2020, he filed a Section 2255 motion seeking to vacate, set aside, or correct his sentence by setting aside the conviction on Court 4.[3]  That motion was denied on September 17, 2020, as was a certificate of appealability.[4]  Now before the Court is defendant's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2),  apparently on the ground that he claims to be eligible for a sentence

---

[1]      Dkt 905.

[2]      *United States v. Parrish*, 755 F. App'x 59, 60 (2d Cir. 2018).

[3]      Dkt 1491.

[4]      Dkt 1511.

2

reduction under Amendment 821 to the Sentencing Guidelines, and for the appointment of counsel.[5] On July 9, 2024, the Probation Office completed a Supplemental Presentence Report.[6]

Section 3582(c)(2) permits a court to modify a term of imprisonment if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Defendant is not eligible for a sentence reduction because Amendment 821 did not lower his sentencing guidelines range. This is so because, although Amendment 821 reduced defendant's criminal history points from 6 to 4,[7] it had no effect on his criminal history category, which was III, and therefore no effect on his guidelines range.[8] In any event, even if defendant were eligible, the Court would not grant a sentence reduction given its consideration of the Section 3553 factors. The defendant, as the government proffered at the time of the plea, was "the leader of the 2Fly YGz gang, which was a violent street gang that . . . committed crimes of violence" including "murder, attempted murder, and forcible robberies."[9] Service of the entire sentence imposed on him is necessary to reflect the seriousness of his offenses, to provide just punishment, and to protect the public against further depredations by this individual.

So far as the request for the appointment of counsel is concerned, "a defendant has no right to the assistance of counsel in filing a motion for compassionate release or appealing from the denial of

---

[5] Dkt 1758.

[6] Dkt 1759.

[7] Dkts 1303, 1759.

[8] U.S.S.G. § 5A (Sentencing Table).

[9] Dkt 905, at 24.

such a motion."[10]  This includes where a defendant files or seeks to file a "post-appeal motion[] for reduction of sentence seeking the benefit of subsequent changes in the Guidelines."[11]  In consequence, "[t]he provision of counsel for such motions . . . rest[s] in the discretion of the district court."[12]  "The apparent merits of the motion," the Court of Appeals has observed, "will no doubt be a significant factor in the exercise of that discretion."[13]

Here, the Court's independent review of the record confirms Probation's conclusion that defendant is not eligible for a sentence reduction under Amendment 821.  In any case, it would not grant a reduction for the reasons noted above.

Because the Court concludes that defendant's motion for a sentence reduction lacks merit, defendant's request for appointment of counsel is denied.

Defendant's motion[14] is denied in all respects.

SO ORDERED.

Dated:        July 17, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[10]

*United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021).

[11]

*United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995).

[12]

*Id.*

[13]

*Id.* At 465 n.2.

[14]

Dkt 1758.