UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/25

UNITED STATES OF AMERICA,

        -against-                                                                    16-cr-212 (LAK)

LAQUAN PARRISH, et al.,

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        As the Court explained previously:

        "Defendant Laquan Parrish pleaded guilty on January 30, 2017 to conspiracy to
commit racketeering under 18 U.S.C. § 1962(d) (Count 1) and use of a firearm in the
course of the conspiracy under 18 U.S.C. § 924(c)(1)(A)(i) (Count 4) pursuant to a
plea agreement.  On October 11, 2017, he was sentenced principally to a term of
imprisonment of 195 months.  The conviction was affirmed on appeal.  On May 11,
2020, he filed a Section 2255 motion seeking to vacate, set aside, or correct his
sentence by setting aside the conviction on Court 4.  That motion was denied on
September 17, 2020, as was a certificate of appealability."[1]

        On July 17, 2024, the Court denied Parrish's *pro se* motion for a sentence reduction

pursuant to 18 U.S.C. § 3582(c)(2) and for the appointment of counsel.[2]  The Court explained that

the defendant was "not eligible for a sentence reduction because Amendment 821 did not lower his

sentencing guidelines range" and that "[i]n any event, even if defendant were eligible, the Court

---

[1]         See *United States v. Parrish*, No. 16-CR-0212 (LAK), 2024 WL 3446434, at *1 (S.D.N.Y.
July 17, 2024).

[2]         *Id.* at *2.

2

would not grant a sentence reduction given its consideration of the Section 3553 factors."[3]  Because the Court concluded that defendant's motion lacked merit, it denied also his motion for appointment of counsel.[4]

Defendant now moves for a modification of his sentence pursuant to amendments to the United States Sentencing Guidelines[5] and  for appointment of counsel.[6]  The Court concludes that defendant is not eligible for a sentence reduction and, even if he were, the Court would not grant a reduction given its consideration of the Section 3553 factors.  As the Court stated in its previous order:

> "The defendant, as the government proffered at the time of the plea, was the leader of the 2Fly YGz gang, which was a violent street gang that committed crimes of violence including murder, attempted murder, and forcible robberies.  Service of the entire sentence imposed on him is necessary to reflect the seriousness of his offenses, to provide just punishment, and to protect the public against further depredations by this individual."[7]

In "post-appeal motions for reduction of sentence seeking the benefit of subsequent changes in the Guidelines," appointment of counsel "rest[s] in the discretion of the district court."[8]

---

[3]     *Id.*

[4]     *Id.* at *1–*2.

[5]     Parrish states that he is "requesting a remodification of sentence based on law that [passed] on May 1, 2025 and goes retroactive on [November] 1, 2025." *See* Dkt 1782.  The Court construes this statement as referring to the Sentencing Guidelines.

[6]     *Id.*

[7]     *United States v. Parrish*, No. 16-CR-0212 (LAK), 2024 WL 3446434, at *1 (S.D.N.Y. July 17, 2024) (internal quotation marks omitted) (cleaned up).

[8]     *See United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995).

3

Because the defendant's claim patently lacks merit, the Court denies his motion for appointment of counsel.

Defendant's motion [Dkt 1782] is denied in all respects.

SO ORDERED.

Dated:        September 3, 2025

Lewis A. Kaplan
United States District Judge