UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,



       -against-                          16-cr-0212 (LAK)

LAQUAN PARRISH, etc., et al.

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER DENYING
## MOTION FOR SENTENCE REDUCTION

LEWIS A. KAPLAN, *District Judge*.

Before the Court is defendant Laquan Parrish's *pro se* motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

This is far from the first time that he has made such a motion. He first moved for compassionate release or other relief on November 28, 2022.[1] The Court denied that motion.[2] On June 21, 2023, he then moved for reconsideration of that decision.[3] The Court granted his motion and adhered to its original decision on reconsideration for the same reasons as it previously stated.[4]

---

[1]     Mot. Compassionate Release (Dkt 1670).

    For convenience and consistency, the Court throughout this memorandum refers to the dates on which various filings were docketed on ECF.

[2]     Mem. Endorsement (Dkt 1695).

[3]     Mot. Reconsideration (Dkt 1700).

[4]     Mem. Endorsement (Dkt 1703).

2

On June 28, 2024, he sought a sentence reduction and appointment of counsel to pursue the same.[5] The Court denied that motion.[6]  On August 19, 2025, he again sought a sentence reduction and appointment of counsel to pursue the same.[7]  The Court again denied his motion.[8]  On  September 11, 2025, he yet again requested to be appointed counsel to pursue a motion for sentence reduction.[9] The Court yet again denied his motion.[10]

By the Court's count, the present motion is thus the sixth time in less than four years that Mr. Parrish has requested the substantially same relief.  And, as he acknowledges in the present motion, he each time has requested the substantially same relief for substantially the same reasons.[11]

The reason that the Court consistently has denied Mr. Parrish the relief he seeks is not, as he seems to suggest, that the Court has failed to consider the arguments he has put forth. Rather, the Court each time has considered his arguments and has come to the same conclusion:

---

Def.'s June 28, 2024 Letter (Dkt 1758).

Mem. & Order (Dkt 1763).

Def.'s Aug. 19, 2025 Letter (Dkt 1782).

Mem. & Order (Dkt 1783).

*See* Mem. Endorsement (Dkt 1785).

*Id.*

Mot. Sentence Reduction (Dkt 1793) at 1 ("Some aspects of this motion were partially addressed in prior proceedings . . . ."); *id*. at 7 ("Although Movant previously addressed this issue . . . .").

3

"The Court concludes that defendant is not eligible for a sentence reduction and, even if he were, the Court would not grant a reduction given its consideration of the Section 3553 factors."[12]

Setting aside that none of Mr. Parrish's exhibits were submitted with his present motion[13] and assuming that they all would say exactly what Mr. Parrish claims they do, the Court again arrives at the same conclusion after again considering his arguments.

Mr. Parrish's motion for sentence reduction (Dkt 1793) is denied. The Clerk of Court is directed to mail a copy of this memorandum and order to Mr. Parrish.

SO ORDERED.

Dated:        July 1, 2026

Lewis A. Kaplan
United States District Judge

---

[12]

Mem. & Order (Dkt 1783) at 2; *accord* Mem. & Order (Dkt 1763) at 3 ("Here, the Court's independent review of the record confirms Probation's conclusion that defendant is not eligible for a sentence reduction under Amendment 821. In any case, it would not grant a reduction for the reasons noted above.").

[13]

*See* Mot. Sentence Reduction (Dkt 1793) at Exs. 1-4.